

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-81,594-03

### EX PARTE JERRELL GLENN DITTMAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W10-00566-V(B) IN THE 292ND DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of felony murder and sentenced to thirty-five years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Dittman v. State*, No. 05-11-00345-CR (Tex. App.—Dallas Aug. 3, 2012) (not designated for publication).

Applicant contends, among other things, that trial counsel failed to object to the admissibility of the blood-alcohol analysis in his case. He says that he was not under arrest when a peace officer

compelled him to submit to a mandatory blood draw.[1]  On January 14, 2015, we remanded this application and directed the trial court to determine whether "(1) Applicant was under arrest at the time of the blood draw, *see* TEX. TRANSP. CODE § 724.012(b), (2) his blood was drawn pursuant to a search warrant, (3) he consented to the blood draw, and (4) exigent circumstances existed."  On remand, counsel responded in a sworn affidavit that "hospital staff retrieved blood samples from Mr. Dittman as they do with each patient that they care for."  The trial court agreed with counsel's affidavit and found that a "mandatory blood draw was taken because the police had probable cause to arrest Applicant for manslaughter."

We believe that the record is not adequate to resolve Applicant's claim.  Under § 724.012(b) of the Transportation Code, the mandatory-blood-draw statute, a peace officer shall require the taking of a blood specimen if, among other things, "the officer arrests the person for an offense under Chapter 49, Penal Code." § 724.012(b).  The statute does not authorize a mandatory blood draw when a peace officer has probable cause to arrest a person for manslaughter.

Applicant has alleged facts that, if true, might entitle him to relief.  *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999).  In these circumstances, additional facts are needed.  As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.  The trial court may order trial counsel to respond a second time to Applicant's claim.  The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent.

---

[1] In his memorandum, Applicant relies on Exhibits A and B for support, but these were not filed with his application.

If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall determine whether Applicant's blood was drawn by hospital personnel solely for medical purposes and not at the request of a peace officer. *See State v. Hardy*, 963 S.W.2d 516, 527 (Tex. Crim. App. 1997). If the trial court finds that Applicant's blood was drawn at the request of a peace officer, it shall determine whether (1) Applicant was under arrest for an offense under Chapter 49 of the Penal Code at the time of the blood draw, (2) his blood was drawn pursuant to a search warrant, (3) he consented to a blood draw authorized by a peace officer, and (4) exigent circumstances existed. The trial court shall then determine whether trial counsel was deficient and Applicant was prejudiced. The trial court shall also order the District Clerk to forward any record evidence, if available, that supports its findings and conclusions. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: March 4, 2015
Do not publish